**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMIRA SALEM,

        Petitioner,

v.                    CASE NO. 2:09-CV-12157
                        HONORABLE MARIANNE O. BATTANI
MILLICENT WARREN,    UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On June 1, 2009, petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254, in which she challenged her 1997 convictions out of the Macomb County Circuit Court for delivery of 225 grams or more but less than 650 grams of cocaine and conspiracy to deliver 225 grams or more but less than 650 grams of heroin.  Because petitioner had challenged these convictions in a prior habeas petition, this Court ordered that the case be transferred to the United States Court of Appeals for authorization to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  Petitioner's case remains pending in the Sixth Circuit. *See In Re Salem,* U.S.C.A. No. 09-1819.  Petitioner has now filed a petition or motion for reconsideration.  For the reasons that follow, the motion is DENIED.

Petitioner is not entitled to reconsideration of the Court's opinion and order

because the motion for reconsideration is untimely. The Court issued its opinion on June 11, 2009. Petitioner signed and dated her motion for reconsideration on August 8, 2009. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

In the present case, petitioner signed and dated her motion for reconsideration on August 8, 2009. Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave her habeas petition or other pleadings to prison officials on the date she signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). The Court is therefore willing to apply the prison mailbox rule in determining whether petitioner's motion for reconsideration was timely filed within the ten day limit for filing such a motion. *See e.g. Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). The court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration.

*See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even giving petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, petitioner's motion for reconsideration was due no later than June 25, 2009. The instant motion for reconsideration is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, the Court lacks jurisdiction to entertain petitioner's motion for reconsideration because the motion was filed more than ten days after the Court issued its opinion and order transferring the case to the Sixth Circuit. *See Allen v. Hemingway,* 24 Fed. App'x. 346, 347 (6th Cir. 2001).

The Court will also deny petitioner's motion for reconsideration, because petitioner's case remains pending before the Sixth Circuit. Petitioner has filed a petition to remand in the Sixth Circuit, in which she argues that this Court erred in construing her current habeas petition to be second or successive. The Sixth Circuit has yet to grant petitioner permission to file a second or successive petition or to issue a ruling that petitioner's current habeas petition is not a second or successive petition for which authorization is required, pursuant to §

2244(b)(3)(A).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Because Section 2244(b)(3)(A) divests this Court of jurisdiction to entertain second or successive habeas petitions in the absence of authorization from the Sixth Circuit, it must by necessity also remove from this Court's consideration any motion to reconsider the decision to transfer the case to the Sixth Circuit for such authorization. *See e.g. U.S. v. Key*, 205 F. 3d 773, 774 (5th Cir. 2000)(district court lacked jurisdiction over petitioner's motion for the appointment of counsel to assist in his filing of a successive habeas corpus petition, and, instead, the motion for the appointment of counsel should have been brought in Court of Appeals as part of a petition for authorization to file a successive habeas petition); *See also United States v. Jones*, 963 F. Supp. 32, 34 (D.D.C. 1997)("Because [petitioner's] right to file a second § 2255 motion must initially be

4

addressed by the Court of Appeals rather than by this Court, it is logical (although not specifically expressed in the Act) that the Court of Appeals is also the appropriate forum to address his motion for an extension of time within which to file that second § 2555 motion.").

    IT IS HEREBY ORDERED that the motion for reconsideration is DENIED.

                        s/Marianne O. Battani
                        **HON. MARIANNE O. BATTANI**
                        UNITED STATES DISTRICT JUDGE

DATED: September 28, 2009

                    CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon the plaintiff and counsel of record.

                        s/Bernadette M. Thebolt
                        Case Manager