UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIRA SALEM,
          Petitioner,

v.                                  CASE NO. 2:09-CV-12157
                                  HONORABLE MARIANNE O. BATTANI
MILLICENT WARREN,          UNITED STATES DISTRICT JUDGE

          Respondent,
_____/

**OPINION AND ORDER ON REMAND SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

      This case is on remand from the United States Court of Appeals for the Sixth Circuit. On June 1, 2009, petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254, in which she challenged her convictions for delivery of 225 grams or more but less than 650 grams of heroin and conspiracy to deliver 225 grams or more but less than 650 grams of heroin. Because petitioner had challenged these convictions in a prior habeas petition, this Court ordered that the case be transferred to the United States Court of Appeals for authorization to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has now remanded the case to this Court to consider petitioner's entrapment claim. For the reasons that follow, the petition for writ of habeas corpus is summarily denied.

1

## I.  Background

Petitioner was convicted of the above offenses in the Macomb County Circuit Court.  Prior to trial, petitioner filed a motion to have the charges dismissed on the basis of entrapment.  An entrapment hearing was held, but Joe Issa, the confidential informant against petitioner, did not testify because of the prosecution's assertion of an informant's privilege.  The trial judge conducted an *in camera* examination of Issa and subsequently ruled that petitioner had not been entrapped.  The Michigan Court of Appeals held that this procedure violated petitioner's Confrontation Clause rights and remanded the case to the trial court for a new entrapment hearing. People v. Salem, Nos. 206323, 205746, 2001 WL 789538 (Mich.Ct.App. January 12, 2001).

A second entrapment hearing was conducted before the trial court, during which Issa testified in a closed courtroom.  The trial court again ruled that petitioner had not been entrapped.  Petitioner again appealed, alleging that the entrapment hearing violated her right to a public trial, that she was entrapped, and that her counsel was ineffective.  Petitioner's conviction was affirmed on appeal. People v. Salem, Nos. 205746, 206323, 2001 WL 1029650 (Mich.Ct.App. September 7, 2001); lv. den. 467 Mich. 851, 649 N.W.2d 80 (2002).

Petitioner then filed a petition for a writ of habeas corpus.  The district court granted a conditional writ of habeas corpus on the ground that the state trial court violated petitioner's Sixth Amendment right to a public trial by closing a portion of

her entrapment hearing to the public. See Salem v. Yukins, 414 F. Supp. 2d 687 (E.D. Mich. 2006)(Friedman, J.). The district court declined to address petitioner's claim that she had been entrapped by law enforcement officials. Id. at 698.

In response to the conditional writ, the state trial court conducted a third entrapment hearing on April 27, 2006. Over petitioner's objections, the trial judge permitted only Issa to testify and relied on the transcripts from the previous hearing for the other witnesses. The judge again ruled that petitioner had not been entrapped. The Michigan appellate courts denied petitioner leave to appeal. People v. Salem, No. 279704 (Mich.Ct.App. February 11, 2008); lv. den. 482 Mich. 894, 753 N.W.2d 185 (2008).

While petitioner's case was still pending in the state courts, petitioner filed a motion in the federal court for issuance of an unconditional writ, on the ground that the trial court failed to comply with the court's prior conditional writ when conducting the third entrapment hearing. The district court denied petitioner's motion for issuance of an unconditional writ of habeas corpus, finding that although the state trial court did not comply with the precise terms of the conditional writ, "it did not violate the spirit of the Court's conditional writ." Salem v. Yukins, U.S.D.C. No. 03-74315, * 4 (E.D. Mich. December 4, 2006)(Friedman, J.). On February 16, 2007, the district court denied petitioner a certificate of appealability. Salem v. Yukins, U.S.D.C. No. 03-74315, * 4 (E.D. Mich. February

3

16, 2007)(Friedman, J.). The United States Court of Appeals for the Sixth Circuit subsequently denied petitioner a certificate of appealability as well. Salem v. Yukins, U.S.C.A. No. 07-1022 (6th Cir. May 14, 2007).

In 2009, petitioner filed a petition for writ of habeas corpus, in which she claimed that the manner in which the third entrapment hearing was conducted violated the U.S. Constitution and that the record established that petitioner was entrapped as a matter of law. This Court concluded that the petition was "second or successive" and transferred the case to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination whether petitioner should be granted permission to file a second petition. The Sixth Circuit concluded that petitioner's habeas application was not "second or successive" with respect to petitioner's entrapment claim, because the district court had not adjudicated that claim when granting habeas petitioner relief on the first petition. See In Re Salem, 631 F. 3d 809, 813-15 (6th Cir. 2011); cert. den. 132 S. Ct. 120 (2011). With respect to petitioner's claim which challenged the constitutionality of the third entrapment hearing, the Sixth Circuit agreed that it was "in essence the claim that the district court decided when denying her motion for an unconditional writ[.]" and denied petitioner authorization to raise this claim. Id. at 815. The Sixth Circuit granted petitioner's motion to remand to this Court with respect to her entrapment claim and denied her motion with respect to her claim challenging the constitutionality of her third entrapment hearing. Id.

4

Petitioner has subsequently filed a supplemental brief in support of her entrapment claim, which this Court has reviewed along with the original habeas petition and attachments that petitioner filed with this Court in 2009. In the sole claim before this Court, petitioner seeks habeas relief, claiming that she was entrapped as a matter of law.

## II.  Discussion

Petitioner contends that her conviction should be vacated because she was entrapped by confidential informant Joe Issa and several law enforcement officers into committing the crimes that she was convicted of.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

In addition, promptly after the filing of a petition for habeas corpus, this Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., see also Allen v. Perini, 424 F. 2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. §

2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen, 424 F. 2d at 140.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. Id. at 141.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's entrapment claim does not entitle her to habeas relief, such that the petition must be summarily denied. Petitioner's claim of entrapment is a state law issue and is therefore not cognizable on habeas corpus review.

It is well-established that entrapment is not a constitutional defense. See Hampton v. United States, 425 U.S. 484, 488-91 (1976) (plurality opinion); United States v. Russell, 411 U.S. 423, 430 (1973); Sosa v. Jones, 389 F. 3d 644, 648 (6th Cir. 2004); United States v. Tucker, 28 F 3d 1420, 1426-28 (6th Cir. 1994); Rodriguez v. Jones, 625 F. Supp. 2d 552, 566 (E.D. Mich. 2009); Seeger v. Straub, 29 F. Supp. 2d 385, 390-91 (E.D. Mich. 1998).  Because entrapment is not a constitutional defense, it cannot form the basis for habeas relief. Sosa, 389 F. 3d at 647-48; Rodriguez., 625 F. Supp. 2d at 566; Seeger, 29 F. Supp. 2d at 390-91; See also Lothridge v. U.S., 441 F.2d 919, 922 (6th Cir. 1971)(issue of

entrapment could not be raised on collateral attack in a motion to vacate judgment and sentence brought pursuant to 28 U.S.C. § 2255 since there was no issue of constitutional dimensions presented). Accordingly, petitioner's claim that the state court's denial of her entrapment defense was clearly erroneous under Michigan law is not cognizable in a federal habeas corpus petition. Seeger v. Straub, 29 F. Supp. 2d at 390-91. Petitioner is not entitled to habeas relief on her claim.

### III. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule

11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim, the issue is not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to

appeal <u>in forma pauperis</u>

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

Dated: <u>September 12, 2012</u>

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager
